IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DERRICK LEE LYONS**, <br><br>  Plaintiff, <br><br> v. <br><br> **MULTNOMAH COUNTY; DR. OLE ERSSON,** Personally**; MARIA PEREZ, RN,** Personally**; L. BARNES, RN,** Personally**; DR. AMIT SHAH,** Personally**; and GAYLE BURROW,** Personally, <br><br>  Defendants. | Case No. 3:14-cv-1793-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee You issued Findings and Recommendation in this case on July 27, 2017. ECF 63. Judge You recommended that Plaintiff's motion for partial summary judgment be denied and Defendants' motion for summary judgment be granted.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

Plaintiff timely filed an objection (ECF 70), to which Defendants responded. ECF 71. Plaintiff argues that the several-week delays between his complaints of pain, dental appointments, and four tooth extractions over roughly three months was sufficient to establish that the individual Defendants violated Plaintiff's Eighth Amendment rights. Plaintiff also argues that Judge You failed to account for Multnomah County's purported lack of policies for timely treating fractured teeth. Finally, Plaintiff argues that his tooth pain was sufficiently severe that the delays in treatment constituted intentional infliction of emotional distress and medical negligence and that Judge You erred in characterizing Plaintiff's tooth extractions as routine.

The Court has reviewed *de novo* the portions of Judge You's Findings and Recommendation to which Plaintiff has objected. Plaintiff argues that he "presented with swelling, severe pain, infections and an abscess necessitating antibiotics for nearly six weeks." ECF 71 at 6. The record, however, does not support these assertions. According to Plaintiff's medical record, the only swelling that nurses observed before the extraction of Plaintiff's wisdom teeth was "moderate swelling at wisdom teeth sites" on November 16, 2012. ECF 49 at 103. During later check-ups, nurses observed some irritation on November 24, 2012, ECF 49 at 95, and gum sensitivity but no swelling or "redness, puss or exudate" in his mouth on November 27, 2012 ECF 49 at 93. It was not until January 14, 2013, four days after plaintiff's wisdom teeth were extracted, that Plaintiff presented with "mild facial swelling." ECF 49 at 65. Dr. Nations, Plaintiff's treating dentist, prescribed Plaintiff with penicillin that day and diagnosed him with possible alveolar osteitis, also known as dry socket, the following day. ECF 49 at 63. At that same appointment, Dr. Nations observed that Plaintiff's wisdom tooth extraction sites were healing normally, with no signs of infection. *Id.* Viewing these facts in the light most favorable to Plaintiff, they do not support a finding that Defendants were deliberately

indifferent to Plaintiff's dental pain and medical needs. Nor do they support a finding of medical negligence or intentional infliction of emotional distress.

Plaintiff also argues that Judge You did not address Multnomah County's lack of policies for the timely treatment of medical and dental emergencies. The absence of a dental emergency policy, standing alone, is not sufficient to establish the presence of an unconstitutional "custom or usage" with the force of law, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiffs must establish actual unconstitutional "practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). As explained above, Plaintiff has not established any instances of unconstitutional activity by the Defendants. He has thus submitted no evidence, other than the absence of a formal dental emergency policy, of a custom of deliberate indifference toward inmates' medical needs. The Court agrees with Judge You's findings and ADOPTS these portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ.

P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge You's Findings and Recommendation, ECF 63. Plaintiff's Motion for Partial Summary Judgment (ECF 38) is **DENIED**. Defendants' Motion for Summary Judgment (ECF 37) is **GRANTED**.

**IT IS SO ORDERED.**

DATED this 25th day of September, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge